J-A28014-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JOHN F. MCSORLEY, JR. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JOHN JAMES PAUL | : | |
| Appellant | : | No. 1434 EDA 2024 |

Appeal from the Order Entered May 14, 2024
In the Court of Common Pleas of Bucks County
Civil Division at No(s): 2021-05278

BEFORE: PANELLA, P.J.E., STABILE, J., and NICHOLS, J.

MEMORANDUM BY PANELLA, P.J.E.: **FILED JANUARY 16, 2025**

John James Paul appeals from the order entered May 14, 2024, granting judgment on the pleadings in favor of John F. McSorley, Jr., on his complaint in ejectment. Paul argues the trial court erred in finding McSorley pled all elements required for an action in ejectment, that Paul did not admit facts that could be used against him in his pleadings, and there are disputed issues of fact that must be further developed through discovery. We affirm on the basis of the well-reasoned trial court opinion.

Based upon our disposition, a thorough recitation of the factual and procedural history is unnecessary. For a more detailed recitation of the factual and procedural history, we refer to the trial court's Rule 1925(a) opinion dated July 15, 2024, which we attached hereto. *See* Trial Court Opinion, 7/15/24, at 2-4. Briefly, McSorley filed a complaint in ejectment on October 5, 2021,

after he was removed from his property at 394 Rutgers Court, Bensalem, Pennsylvania ("the Property") when both parties cross-filed protection from abuse ("PFA") petitions. Both PFA petitions were granted. Paul's PFA order evicted and excluded McSorley from the Property. However, the order included two important notes: (1) the eviction and exclusion provision "is vacated upon [Paul's] vacating of the residence" and (2) the PFA order "is not a stay for any civil eviction proceedings." Order, 9/22/21, at ¶¶ 2, 7. McSorley thereafter filed his complaint in ejectment seeking possession of the Property. After preliminary objections, an answer and new matter, and an answer to the new matter, McSorley sought judgment on the pleadings. The court granted judgment on the pleadings in favor of McSorley and ordered Paul to vacate the Property within 10 days on May 14, 2024. Paul filed a timely appeal and complied with the court's order to file a Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b).

Paul raises three issues for our review:

[1.] Whether the [c]ourt erred by granting [j]udgment on the [p]leadings in favor of [McSorley] and against [Paul] as [McSorley] has failed to plead all the required elements for an action in ejectment[?]

[2.] Whether the [c]ourt erred by granting [j]udgment on the [p]leadings in favor of [McSorley] and against [Paul] despite the fact that [Paul] has not admitted facts in [his] pleadings which could be considered against [Paul?]

[3.] Whether there are disputed issues of fact which could be considered by a [j]udge or [j]ury and which could further be developed through proper discovery[?]

Appellant's Brief, at 2 (suggested answers omitted).

The well-established scope and standard of review regarding the grant

of a motion for judgment on the pleadings is as follows:

> Our scope of review on an appeal from the grant of judgment on the pleadings is plenary. Entry of judgment on the pleadings is permitted under Pennsylvania Rule of Civil Procedure 1034, which provides that "after the pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for judgment on the pleadings." Pa.R.C.P. 1034(a). A motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law. In determining if there is a dispute as to facts, the court must confine its consideration to the pleadings and relevant documents. On appeal, we accept as true all well-pleaded allegations in the complaint.
>
> On appeal, our task is to determine whether the trial court's ruling was based on a clear error of law or whether there were facts disclosed by the pleadings which should properly be tried before a jury or by a judge sitting without a jury.
>
> > Neither party can be deemed to have admitted either conclusions of law or unjustified inferences. Moreover, conducting its inquiry, the court should confine itself to the pleadings themselves and any documents or exhibits properly attached to them. It may not consider inadmissible evidence in determining a motion for judgment on the pleadings. Only when the moving party's case is clear and free from doubt such that a trial would prove fruitless will an appellate court affirm a motion for judgment on the pleadings.

*Rubin v. CBS Broadcasting Inc.*, 170 A.3d 560, 564 (Pa. Super. 2017)

(citations omitted).

After a thorough review of the record, the parties' briefs, and the

Honorable Matthew D. Weintraub's comprehensive opinion dated July 15,

2024, we conclude the trial court did not err in granting judgment on the pleadings in favor of McSorley. **See** Trial Court Opinion, 7/15/24, at 7-16 (holding Paul did not dispute the validity of the deed for the Property, attached to McSorley's complaint, that established McSorley owned the Property in fee simple, he was a bona fide purchaser, and evidenced his right to possession; Paul did not dispute the validity of the PFA orders attached to McSorley's complaint that evidenced McSorley was not permitted on the Property unless and until Paul vacated the Property; Paul is actively occupying the Property; and Paul's financial contributions over 21 years not related to the Property, which was owned for only the last 7 of those 21 years, are irrelevant for determining whether McSorley is entitled to possession of the Property).

For the convenience of the parties, we have attached the well-written and thorough 16-page opinion of the Honorable Matthew D. Weintraub, dated July 15, 2024, filed pursuant to Pa.R.A.P. 1925(a).

Based upon our disposition, we deny as moot McSorley's motion to quash this appeal.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/16/2025

- 4 -

*E-Filed*

*No Publish*

**IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

*E. Smith*

JOHN F. MCSORLEY, JR.,
    *Plaintiff/Appellee,*

                                No. 2021-05278

    v.                         1434 EDA 2024

*J. Benson*

JOHN JAMES PAUL,
    *Defendant/Appellant.*

## TRIAL COURT'S 1925(a) OPINION

John James Paul ("Defendant/Appellant") hereby appeals to the Superior Court of Pennsylvania from the Order issued by the Bucks County Court of Common Pleas on May 14, 2024, by the Honorable Matthew D. Weintraub. The Order, entered in accordance with B.C.R.C.P. 208.3(b), granted judgment on the pleadings in favor of John F. McSorley, Jr., ("Plaintiff/Appellee") in his Motion for Ejectment concerning the property located at 394 Rutgers Court, Bensalem, Bucks County, Pennsylvania, 19020 ("the Subject Property"). Furthermore, it ordered Appellant to vacate the premises within a period of ten (10) calendar days.

No Motion for Reconsideration was filed in this matter. Subsequently, on May 23, 2024, Appellant submitted a Notice of Appeal concurrently with a Motion to Obtain Supersedeas, seeking a stay of eviction proceedings during the pendency of the appeal process. On May 29, 2024, this court issued an Order granting the Motion to Obtain Supersedeas and directed

1

Case# 2021-05278 ID 13704619 - JUDGE:45 Received at County of Bucks Prothonotary on 07/15/2024 2:55 PM, Main (Public) McSorley v. Paul Opinion 7.15.24, Code: 5214, Rcpt: 22826044

Appellant to furnish a Concise Statement of Matters Complained of on Appeal, as required by Pa. R.A.P. § 1925(b). The aforementioned Statement was filed by Appellant on June 18, 2024.

In accordance with Pa. R.A.P. § 1925(a), this trial court now submits its Opinion as an additional component to the record, reaffirming its determinations and prior Order.

## BACKGROUND

On October 5, 2021, Appellee commenced legal proceedings by filing a Complaint for Real Property in Ejectment. This filing included exhibits, namely a deed asserting sole ownership of the Subject Property, and Protection from Abuse Orders ("PFA Orders"), which Appellee contends mandated his temporary eviction from the Subject Property from September 2021 to February 2022. Subsequently, on November 1, 2021, Appellant raised preliminary objections to the Complaint, and on November 19, 2021, Appellee responded with an Amended Complaint. No jury trial was requested.

The pleadings indicate that the parties maintained a domestic partnership for approximately twenty-one (21) years, during which they cohabitated at the Subject Property for about seven (7) years until September 22, 2021. On that date, both parties were subject to distinct

2

cross-filed PFA Orders, each effective until February 20, 2022. Appellant's PFA Order directed Appellee to vacate the Subject Property and included a section which stated "[t]his provision [would be] vacated upon [Appellant's] vacating of the residence." JJP PFA Order 09/22/21, p. 2. Both PFA Orders explicitly stated that "[t]he entry of the PFA is NOT a stay on any civil eviction proceedings." JFM PFA Order 09/22/21, p. 4; JJP PFA Order 09/22/21, p. 3. This directive means that neither PFA legally restricts or prevents Appellee's instant Complaint for Real Property in Ejectment against Appellant.

On December 8, 2021, Appellant filed an Answer with New Matter, asserting that his removal from the Subject Property would result in his homelessness due to his handicap. Additionally, he claimed that he made contributions to increase the property's value through repairs, and expenses related to tax obligations over the relationship's duration, although he provided no supporting documentation or narrative account. Appellee submitted an Answer on December 13, 2021.

On January 14, 2022, Appellee filed a motion for judgment on the pleadings. Appellant replied on February 3, 2022, arguing that Appellee had not proven ownership of the Subject Property and, therefore, Appellant should maintain immediate possession.

3

On February 7, 2024, Appellee filed a Praecipe under B.C.R.C.P. 208.3(b), seeking judgment on the pleadings. Briefs were submitted and forwarded to the Honorable Matthew D. Weintraub on February 21, 2024, for adjudication.

On May 14, 2024, a judgment on the pleadings was rendered in favor of Appellant, directing Appellant's possession of the Subject Property, and Appellee's ejectment from it within ten (10) days. In response, on May 23, 2024, Appellant filed a Notice of Appeal together with Motion to Obtain Supersedeas. Appellee's Response in Opposition came on May 28, 2024.

Judge Weintraub granted Appellant's stay of eviction pending his appeal on May 29, 2024.

## STATEMENT OF ERRORS COMPLAINED OF ON APPEAL

On appeal, Appellant has raised the following issues:

1. The Court erred by granting Judgment on the Pleadings in favor of the Plaintiff ("Appellee") and against the Defendant ("Appellant") as Plaintiff ("Appellee") has failed to plead all the required elements for an action in ejectment.

2. The Court erred by granting Judgment on the Pleadings in favor of the Plaintiff ("Appellee") and against the Defendant ("Appellant") despite the fact that the Defendant ("Appellant") has not admitted

facts in their pleadings which could be considered against the Defendant ("Appellant") by the Court at this time.

## DISCUSSION

A motion for judgment on the pleadings, as distinguished from a motion for summary judgment, is filed at the completion of pleadings and is supported solely by the documents filed in accordance with Pa. R.C.P. No. 1034. When adjudicating such a motion, the court is limited to considering only the pleadings and answers thereto; affidavits or depositions are not admissible, and no additional matters beyond the pleadings are entertained by the court. DiAndrea v. Reliance Sav. and Loan Ass'n, 456 A.2d 1066 (Pa. Super. 1983).

In cases where a motion for judgment on the pleadings is closely contested, it is preferable to defer a decision and await the submission of affidavits and depositions for more appropriate consideration under a motion for summary judgment. Del Quadro v. City of Philadelphia, 437 A.2d 1262 (Pa. 1981).

In situations where both parties largely agree on the facts of the case and only "strictly questions of law" remain, where "there [is] no dispute of fact to be submitted for determination, the entry of judgment on pleadings [is]

5

proper." Shepherd v. General Tel. & Electronics Corp., 190 A.2d 896, 901 (Pa. 1962).

1. **The court erred by granting Judgment on the Pleadings in favor of the Plaintiff ("Appellee") and against the Defendant ("Appellant") as Plaintiff ("Appellee") has failed to plead all the required elements for an action in ejectment.**

Appellant's primary contention concerns the court's determination that Appellee met all requisites for eviction based solely on the pleadings, particularly in light of his disability and alleged sweat equity in the property for which he seeks credit. The Supreme Court set forth foundational principles for eviction in Taylor v. Anderson, 234 U.S. 74 (1914), declaring:

> "[t]he petition alleged that the plaintiffs were owners in fee and entitled to the possession; that the defendants had forcibly taken possession and were wrongfully keeping the plaintiffs out of possession; and that the latter were damaged thereby in a sum named. Nothing more was required to state a good cause of action."

This framework was further affirmed by the United States Court of Appeals for the Third Circuit in Lang v. Colonial Pipeline Co., 266 F. Supp. 552, 556 (E.D. Pa. 1967), aff'd per curiam, 383 F.2d 986 (3d Cir. 1967), which mandates the essential elements to include, "(1) plaintiff's allegations on their ownership and right to possession, (2) the defendant's wrongful possession, and (3) the request for relief."

6

### a. Whether Plaintiff ("Appellee") asserts his ownership and right to possession?

Under Pa. R.C.P. Rule 1054, in an ejectment action, "the plaintiff shall describe the land in the complaint" upon which their claim is based. The description must provide reasonable certainty, "set[ting] forth in the complaint or answer an abstract of the title upon which the party relies…" Id.

Appellee's Complaint, accompanied by "Exhibit A," presents a deed affirming his fee simple ownership of the property, acquired on October 31, 2014. This deed was duly recorded with the Bucks County Recorder of Deeds on November 6, 2014, under Instrument No. 2014061697 and certified on date of same. The document identifies Appellee, John F. McSorley, Jr., as the sole grantee and owner, signifying the property's transfer from his predecessor in interest for valid consideration. This deed states:

> To have and to hold the said lot or piece of ground described [below], with the buildings and improvements thereon erected, hereditaments and premises hereby granted, or mentioned and intended so to be, with the appurtenances, unto the said Grantee, his heirs and assigns, to and for the only proper use and behoof of the said Grantee, his heirs and assigns, forever.

Appellee's predecessor acquired the Subject Property in fee simple from a Bucks County corporation around December 12, 2008, as evidenced

7

by her recorded deed, subsequently transferring this interest to Appellee alone with a certified recording of transfer filed on November 6, 2014.

Additionally, documentation from Bucks County Abstract Services, LLC, confirms Appellee as the sole grantee on the deed, with his predecessor identified as the sole grantor. Appellant acknowledged this fact, stating that the "[deed] is a document which speaks for itself." Deft. Answer & New Matter ¶ 5.

The deed describes the property with reasonable certainty as condominium Unit 392 within Bensalem Village, located at 394 Rutgers Court, Bensalem, Pennsylvania, 19020, with Bucks County tax parcel number 02-094-394. The Subject Property is situated or "located in Bensalem Township, Bucks County, Commonwealth of Pennsylvania, and specifically at the Northwesterly side of Bensalem Boulevard (formerly Newportville Road) and the Southwesterly side of Byberry Road."

The deed references various local publications including the Declaration of Condominium, Office of the Recorder of Deeds of Bucks County, and the Amended Plan of Bensalem Village, all corroborating the property's description. No objections have been raised regarding these documents by Appellant.

Of particular significance is page three (3) of the deed, where all parties signed in the presence of a Notary Public, formalizing it on October 31, 2014. This page also bears the signature of a witness acting "[o]n behalf of the Grantee."

The validity of the deed remains undisputed by either party. Appellant has referenced the deed in several filings without challenging Appellee's ownership status. Rather, Appellant asserts his own claim. Based on the evidence from the deed and the parties' admissions, there is no dispute regarding Appellee's ownership of the Subject Property and, consequently, his right to possession.

Appellant's contention regarding adequacy of consideration is immaterial under established law, which does not scrutinize the amount but rather requires some form of consideration. The deed reflects consideration of $159,000.00 tendered to the seller by Appellee, confirming its adequacy.

### b. Whether Plaintiff ("Appellee") asserts Defendant's ("Appellant's") wrongful possession?

Appellant initially contends that his possession of the Subject Property is not wrongful, while acknowledging exclusive possession under the PFA Orders, stating "[t]he PFA speaks for itself" *(citation omitted)*. He attempts to substantiate his ownership claims through his property improvements and tax payments to establish a constructive contract between Appellee and him.

He asserts generally, that "[o]ver the course of his twenty-one-year relationship with [Appellee], [Appellant] paid over $40,000.00 to cover household debts and support the property." Brief by Deft. In Opposition of Pltf.'s Motion for Judgment on the Pleadings 02/03/2022, p. 1. However, these assertions, standing alone, fail to surmount the threshold for entry of judgment on the pleadings, particularly when viewed within the broader context. This situation is analogous to one in which a lessee contributes to maintenance costs throughout his lease term and subsequently makes an unfounded claim of ownership over the property, where no such entitlement was originally bargained for.

It is established that Appellee alone holds fee simple ownership of the Subject Property (*see above*). Both parties acknowledge residency at the Subject Property from October 2014 until the issuance of two PFA Orders on September 22, 2021, which expired February 20, 2022. Motion to Obtain Supersedeas 05/29/2024, ¶ 11. The pleadings, including the Complaint, Amended Complaint, Answer with New Matter, and subsequent responses, reference two cross-filed PFA Orders issued on September 22, 2021. The Orders ousted Appellee from the property and granted exclusive possession to Appellant until he vacated, which had not occurred at this action's inception, but which also extended beyond the expiration of both PFA Orders.

10

One PFA Order explicitly states, "[Appellee is] excluded from the residence at 394 Rutgers Court, Bensalem, PA 19020," and, "[Appellant] is granted exclusive possession of the residence. [Appellee] shall have no right or privilege to enter or be present on the premises." JJP PFA Order 09/22/21, p. 2-3. It is overtly stated in the orders, "[t]his provision is vacated upon the [Appellant's] vacating of the residence," and that "[t]his PFA is not a stay for any civil eviction proceedings." Id.

Appellee commenced this action for ejectment of Appellant on October 5, 2021, with the PFA Orders expired as of February 20, 2022. Once Appellant's PFA Order expired against Appellee, it no longer provided any legal basis to give Appellant exclusive possession of the Subject Property. Therefore, Appellee was free to assert his ejectment claim after that PFA expired.

Appellant seeks damages from Appellee for funds expended, but such claims must be ascertainable or plausible to be credible. While not binding, Courts in other states have persuasively found that "damages are speculative when the probability that a circumstance as an element of compensation is conjectural. The rule against recovery of 'speculative damages' is generally directed against uncertainty as to cause rather than

11

uncertainty as to measure or extent." Sherrod v. Berry, 629 F. Supp. 159 (N.D. Ill. 1985); Crichfield v. Julia, 147 F. 65, 70-71 (2d Cir. 1906).

Appellant's request for damages appears uncertain both in extent and cause, particularly given the parties' seven (7) year cohabitation, when compared to his claimed expenditures spanning over two decades. Holding Appellee liable for all payments made by Appellant over a twenty (20) year period would result in a form of unjust enrichment conferring an undue benefit upon Appellant. The issue of these damages is not merely contested or uncertain in terms of measure. Rather, it is implausible or not credible as to whether Appellant's claimed damages of $40,000.00 related to the Subject Property and for what purpose.

While Appellant's potential for recovery of substantiated expenses incurred in maintaining and improving the subject property in the future is not precluded, his current assertions lack the detail necessary to proceed beyond dismissal by judgment on the pleadings.

### c. Whether the prayer for relief and claim adhere to legal standards?

Pursuant to *231 Pa. Rule 3160, judgement; execution permits*, a plaintiff may seek "execution for such rents, profits or damages shall be in accordance with the rules governing the enforcement of judgments for the payment of money" after eviction.

Appellee filed a petition which includes a prayer for relief under the requirements for ejectment, seeking ejectment itself, reimbursement for legal costs, financial compensation due to lack of possession, reimbursement of the mortgage payments, utilities, and taxes incurred during Appellant's time of exclusive possession, and any other just and equitable relief. Appellant has not substantively addressed these prayers for relief beyond contesting their validity.

Appellee has demonstrated that Appellant occupies the Subject Property without any established rental agreement, lease, or legal title. Conspicuously, Appellant has not claimed any contribution toward the property's purchase. Based solely on the pleadings, Appellee has sufficiently demonstrated grounds for Appellant's ejectment.

2. **The court erred by granting Judgment on the Pleadings in favor of the Plaintiff ("Appellee") and against the Defendant ("Appellant") despite the fact that the Defendant ("Appellant") has not admitted facts in their pleadings which could be considered against the Defendant ("Appellant,") by the court at this time. Furthermore, there are disputed issues of fact which could be considered by a Judge or Jury and which could further be developed through proper discovery.**

Appellant's statement lacks specificity regarding which facts he contends Appellee has not admitted in their pleadings that could be considered against him by the court. Appellant's ambiguity in this regard

13

prevents the court from identifying the disputed issues of fact relevant to judicial or jury consideration.

Assuming, arguendo, Appellant argues his financial contributions as proof of ownership require jury deliberation, the temporal scope and purpose of these contributions remain unclear. Whether spanning twenty-one (21) years or solely seven (7) years of residency, Appellant's lack of clarity and specificity diminishes their relevance to the current ejectment. Such claims may be more appropriately addressed in a separate legal action by Appellant, especially since his Answer and New Matter do not assert claims for damages that could be substantiated without a contract or clearly articulated legal basis.

While damages typically fall within the jury's purview, the absence of preliminary substantiation by Appellant regarding expenditures on the Subject Property precludes consideration of such claims at this stage. Appellant broadly asserts expenditures totaling $40,000.00 over approximately twenty-one (21) years without specifying whether these funds were (1) directed towards the Subject Property; or (2) towards previous residences jointly occupied by the parties preceding the Subject Property's acquisition; or (3) if he received any reciprocal compensation; or (4) any relevant details.

In essence, Appellant claims expenses incurred throughout his relationship with Appellee as a defense against ejectment. However, these alleged financial contributions are not aligned with the damages redressable in the current proceedings and lack support or plausibility in the pleadings. Since the inception of the PFA actions, Appellant has been aware of Appellee's intent to seek exclusive possession as explicitly provided for therein when instructing, "[t]he entry of the PFA is NOT a stay on any civil eviction proceedings." JFM PFA Order 09/22/21, p. 4. Appellant's continued occupation of the Subject Property owned solely by Appellee after the expiration of the PFA Orders, without either attempting to resolve the matter, or legally contest Appellee's title, support Appellee's claim in ejectment.

Despite Appellee's ample notice to him to vacate, Appellant continues to occupy the property without asserting a legal claim to ownership that could prevent his ejectment. Appellant's claim that ejectment would cause hardship does not justify his prolonged wrongful possession. Appellant was aware of Appellee's intent to pursue ejectment, as communicated through the PFA Orders that legally "excluded [Appellee] from the residence at 394 Rutgers Court." The hardships claimed by Appellant, which he claims will arise from potential ejectment and poor health, neither constitute a sudden occurrence nor justify delaying this legal action without a valid defense.

15

Appellant has neither contested the validity of Appellee's title nor presented any evidence that would support his continued occupancy. Considering the pleadings, there are no disputed issues suitable for jury consideration regarding damages, ownership claims, or other legal defenses.

## CONCLUSION

In conclusion, the trial court's Order was rendered following a comprehensive examination of the pleadings and the corresponding record. Appellant has failed to establish any substantive grounds warranting reversal. Therefore, Appellant's appeal should be denied, and the trial court's order affirmed.

BY THE COURT,

Date: 7/15/24

_____
MATT WEINTRAUB, J.

N.B. It is your responsibility to notify all interested parties of the above action.

The parties and their attorneys are directed to refer to and abide by Judge Weintraub's Standard Operating Procedures at:
https://www.buckscounty.gov/2027/
Matthew-D-Weintraub